FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB -7 AM 10: 58

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TIMOTHY C. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 104-177 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to June 2001, Plaintiff applied for DIB and SSI on May 19, 2002, and March 28, 2002, respectively. Tr. ("R"), pp. 13, 134, 343-45. Plaintiff alleges disability due to a heart condition, chest pain, knee pain, headaches, blackout spells, radiation poisoning, anxiety, and depression. R. 14, 134. The Social Security

Administration denied Plaintiff's applications initially and upon reconsideration. R. 87-96, 347-54. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing in which Plaintiff, who was represented by counsel William R. McCracken, testified on his own behalf, the ALJ issued an unfavorable decision dated August 11, 2004.[1] R.10-21, 47-84. The Appeals Council ("AC") then declined review, making the ALJ's opinion the Commissioner's final decision. R. 5-7.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's migraine headaches, knee pain, anxiety, and depression constitute impairments or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965) but retains the residual functional capacity to perform light exertional level work with the following limitations: simple, routine work requiring few decisions; a low stress, supervised environment; no more than occasional balancing stooping, kneeling, crouching, or crawling; no climbing of ladders ropes, or scaffolds; no more than occasional climbing of ramps and stairs; and avoidance of hazards such as unprotected heights, vibration, and dangerous moving machinery.[2]

---

[1] The ALJ also heard testimony from a Vocational Expert ("VE"), Feryal Jubran. R. 75-83.

[2] Light work involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects

> 5. Based on the claimant's age, education, and work experience, and the testimony of the VE, there are a significant number of jobs in the national economy that the claimant could perform, including: office helper, inspector, and internal clerk. Thus, the claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

R. 20-21.

Having exhausted his administrative remedies, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of that adverse decision. Plaintiff now argues that the ALJ erred in determining that Plaintiff is able to perform unskilled light work. Pl.'s Br., pp. 1-2. Although it is not entirely clear, it seems Plaintiff also argues that the ALJ's hypothetical question to the VE did not take into account all of Plaintiff's impairments. See id. Plaintiff also alleges that the Commissioner erred in refusing to reopen prior applications for DIB and SSI dating back to 1994. Id. at 2.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards.

---

> weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

3

Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails

either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

**A.     The Court Lacks Jurisdiction to Consider the Prior Denied Claims.**

First, to the extent Plaintiff asks the Court to review his prior denied claims, the Court lacks jurisdiction to do so. The ALJ noted that Plaintiff had filed previous applications for DIB and SSI in 1994, 1996, and 1999, and that Plaintiff did not seek a hearing before an ALJ in regard to any of these prior claims.[3] Id. That said, the ALJ did not disturb the prior denials, discuss the merits of Plaintiff's prior claims, or decide to reopen them.

The Court only has subject matter jurisdiction over "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). As a general matter, the Commissioner's refusal to reopen a previous claim is not a "final decision" within the ambit of § 405(g). Califano v. Sanders, 430 U.S. 99, 107-09 (1977); Cash v. Barnhart, 327 F.3d 1252, 1256 (11th Cir. 2003) (*per curiam*). The decision not to reopen a prior application is instead considered an "interim decision" not subject to review under § 405(g). Cash, 327 F.3d at 1256.

Of course, there are exceptions to this rule. First, the Commissioner may constructively reopen a previous decision by considering the merits of the prior claim,

---

[3]In fact, Plaintiff attempted to challenge the prior denials in a previous action in this Court. See West v. Barnhart, CV 102-197 (S.D. Ga. Nov. 26, 2002). The action was dismissed for want of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies. See id., doc. no. 6, *adopted by* doc. no. 9 (S.D. Ga. July 18, 2003).

5

thereby providing a District Court with subject matter jurisdiction to review the Commissioner's "final decision." Id.; Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996). However, as noted above, the ALJ did not consider the merits of Plaintiff's prior claims in any way.

Next, the Court may review a decision not to reopen a prior claim "if a colorable constitutional claim is raised." Jones v. Department of Health and Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991) (*per curiam*) (citing Califano, 430 U.S. at 107-09). Nevertheless, Plaintiff has not even hinted at any potential constitutional argument. Although "[c]ourts do and should show a lenience to *pro se* litigants not enjoyed by those with the benefit of a legal education[,] . . . this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. . . ." GJR Inves., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted). Nor can liberal construction entitle the Court "to conjure up unpled allegations." McFadden v. Lucas, 713 F.2d 143, 147 n.4 (5th Cir. 1983); St. John v. United States, 54 F. Supp.2d 1322, 1323 (S.D. Fla. 1999). In sum, the Court lacks jurisdiction to consider the prior denials.

**B.    The Commissioner's Decision Should be Affirmed.**

The ALJ found that Plaintiff had shown that he could not return to any of his past work as a supervisory technician, quality control inspector, material handler, receiving clerk, or assistant pastor. R. 21; see also R. 53, 58-66, 184. Thus, the burden shifted to the ALJ to show the existence of other work that Plaintiff could perform, given his age, education, prior work experience, and residual functional capacity. See, e.g., Cannon v. Bowen, 858

F.2d 1541, 1544 (11th Cir. 1988). Here, the ALJ properly met this burden by relying on VE testimony and using the Medical-Vocations Guidelines as a framework. See R. 21-22.

Here, the ALJ asked the VE to testify regarding jobs available to a hypothetical claimant able to perform light work that: 1) involved only simple, routine tasks; 2) was low-stress; 3) did not require climbing of ladders, ropes, or scaffolds, 4) required only occasional climbing of stairs or ramps, balancing, stooping, kneeling, crouching, and crawling; and 5) did not involve exposures to various hazards, such as vibration, heights, or dangerous machinery. R. 79-80. The VE testified that the claimant should be able to perform light occupations such as office helper, inspector, and internal mail clerk. R. 81. The ALJ in turn relied upon this testimony to conclude that Plaintiff was not disabled.

An ALJ may rely upon VE testimony so long as the hypothetical posed to the VE accurately portrays the claimant's impairments and the VE identifies a significant number of jobs compatible with the limitations and capacities set forth in the hypothetical. McSwain v. Bowen, 814 F.2d 617, 620 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). Here, Plaintiff contends--in vague fashion--that the ALJ erred in assessing his residual functional capacity and then posed a hypothetical to the VE that did not take into account all of Plaintiff's limitations. The contention lacks merit.

Although Plaintiff has not identified any specific evidence purportedly ignored by the ALJ, an examination of the best evidence in the record to support Plaintiff's allegations of disability will suffice to illustrate the point. In reaching his residual functional capacity finding that Plaintiff could perform light work, the ALJ explicitly rejected: 1) a September 11, 2003, letter from Dr. Shelby J. Sperr, a clinical psychologist, who opined that Plaintiff

7

was unable to work, see R. 15, 19, 311; 2) a January 20, 2000, letter from Dr. John G. Arena, another clinical psychologist, opining that Plaintiff was disabled, see R. 15, 19, 312; and 3) Plaintiff's subjective testimony regarding the severity of his pain and his psychological problems, see R. 20. The ALJ's rejection of all three pieces of evidence was well-reasoned and supported by substantial evidence.

First, the ALJ properly rejected the conclusory opinions of Drs. Sperr and Arena as unsupported by the record evidence as a whole. Of course, it is well-settled that in the Eleventh Circuit a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating source opinions on issues

reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p; see also 20 C.F.R. § 404.1527(e).

Dr. Arena opined that Plaintiff was disabled due to chronic pain disorder, anxiety, depression, and various physical ailments, and gave Plaintiff a Global Assessment of Functioning ("GAF") score of 45. R. 312. Dr. Arena even went so far as to state that Plaintiff was unable to stand for more than 10 minutes at a time. Id. Strangely, Dr. Arena also stated that Plaintiff "should certainly complete the community service portion of [his] probation." Id. Similarly, Dr. Sperr indicated that Plaintiff suffered from anxiety and depression and was unable to work, although she also stated that Plaintiff needed an updated "current functioning" score. Id. at 311.

First, the ALJ noted the absence of medical data to support the conclusions of Drs. Arena and Sperr. In addition, as the ALJ noted, treatment notes regarding Plaintiff's psychological care indicate that Plaintiff was consistently oriented, that his symptoms could be controlled with medication, and that he did not experience any thought disturbances or delusional thinking. R. 15, 276-77. Of particular note, in May 2003 Plaintiff reported that he had a girlfriend and that he was feeling "100% better." R. 284, 286.

The ALJ also noted that Plaintiff's own daily activities belied the doctors' opinions and Plaintiff's claim that pain and mental problems made it impossible to work. A claimant's daily activities are properly considered by the ALJ in assessing the claimant's credibility and assigning weight to medical opinions. See, e.g., Moore v. Barnhart, 405 F.3d 1208, 1212-13 (11th Cir. 2005). The ALJ noted that Plaintiff "did laundry, vacuumed, dusted, and wash[ed] dishes," in addition to participating in church activities, volunteering

9

at a local hospital and at a jail, reading, socializing, dining out, and going to football games. Indeed, Plaintiff reported feeling well in 2002 until he decided to mow his two-acre lawn with a push mower. R. 15, 182. The record also supports the ALJ's conclusion that Plaintiff consistently showed up late, missed, or cancelled scheduled medical or psychological appointments without rescheduling. R. 15, 195, 202, 204, 205, 216, 220, 221, 225, 226, 273, 305, 308. Plaintiff also stopping taking Zoloft which Dr. Sperr had prescribed for him despite "doing well on" the medication. R. 267.

The ALJ also partially discredited Plaintiff's subjective testimony as unsupported by the record and Plaintiff's daily activities, described *supra*. The Eleventh Circuit has established a three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. See Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Here, the ALJ properly noted an absence of evidence in the record substantiating Plaintiff's claims of persistent blackouts,

debilitating headaches, chest and knee pain, and severe mental problems. R. 15-16. The ALJ also noted that Plaintiff's pain symptoms were controlled with medication--Imitrex, Ibuprofen, and Tylenol--and that physical examinations and treatment records revealed no significant neurological, cardiac, or knee problems. R. 15-16, 176-77, 286, 302-03. In short, the ALJ articulated sufficient reasons for his decision to disbelieve Plaintiff's allegations regarding the severity and persistence of his subjective symptoms.

In sum, the ALJ's opinion is thorough, well-reasoned, and supported by ample evidence. Simply put, Plaintiff has not identified any reversible error, and the Commissioner's opinion should be affirmed.

## IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 7th day of February, 2006, at Augusta, Georgia.

_W. Leon Barfield_
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE